MATTEI, PLAINTIFF AND APPELLANT, *v.* BADILLO, DEFENDANT AND RESPONDENT.

APPEAL from the District Court of Aguadilla in an action for an injunction to recover possession of real property.

MOTION of the respondent for a dismissal of the appeal.

No. 1109.—Decided April 8, 1914.

INJUNCTION—JUDGMENT—APPEAL.—A decision disposing of injunction proceedings to recover the possession of real property, as provided for by Act No. 43

of March 13, 1913, partakes of the character of a judgment and the period for appealing therefrom is thirty days, the period of ten days allowed by section 295 of the Code of Civil Procedure, subdivision 3, not being applicable.

The facts are stated in the opinion.

*Mr. Luis Montalvo* for the appellant.

*Mr. Juan B. Soto* for the respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

A motion by the attorney for the defendant-respondent, Teodoro Badillo, for the dismissal of the appeal taken by the plaintiff, Luisa Mattei, widow of Campos, from a judgment rendered in the present case by the District Court of Aguadilla on December 18, 1913, is submitted to our consideration. As a ground for the motion it is alleged that the appeal was taken on January 17 of the present year after the period of ten days allowed by section 295 of the Code of Civil Procedure, subdivision 3, for taking an appeal from an order granting or refusing an injunction, had elapsed. The motion is not well founded.

It appears from the record that the plaintiff applied to the District Court of Aguadilla for an injunction against the defendant to restore the material possession of certain real property under the procedure established by Act No. 43 of March 13, 1913, for the recovery of the possession of real property, and that the hearing having been held in the manner prescribed by the said act, judgment was rendered on the date stated refusing to grant the injunction and reserving to the parties the rights corresponding to them as to the ownership of the land. From that judgment the present appeal was taken.

As will be seen, the injunction sought was not applied for as an incidental or subordinate remedy to some other principal remedy claimed in the proceedings, but it was prayed for as a sole and special remedy without being subordinate to any other remedy and the decision denying the said remedy cannot be considered as an order refusing to grant an in-

junction, but must be considered as a judgment rendered in a special proceeding deciding the rights of the parties.

An order granting or dissolving an injunction or refusing to grant or dissolve an injunction, as understood in subdivision 3 of section 295 of the ·Code of Civil Procedure, is an order made concerning an injunction prayed for as incidental to a suit or action and it is in that case in which the law fixes a period of ten days for taking an appeal. A decision disposing of injunction proceedings in which the injunction is the principal remedy sought and is not incidental or supplementary to some other remedy, as in the present case, is an actual judgment similar to that which may be rendered in any other action or proceeding, and a period of thirty days is allowed for an appeal therefrom.

The appeal was taken within the time allowed by law and the motion should be overruled.

*Motion overruled.*

Justices Wolf, del Toro and Aldrey concurred.